NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0820n.06

No. 11-3937

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td></td><td></td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td rowspan="2" style="text-align:center"><strong>FILED</strong><br><strong><em>Jul 31, 2012</em></strong><br>LEONARD GREEN, Clerk</td></tr>
<tr><td>Plaintiff-Appellee,</td></tr>
<tr><td>v.</td><td>On Appeal from the United<br>States District Court for the<br>Northern District of Ohio</td></tr>
<tr><td>ROBERT RUTH,</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td></td></tr>
</table>

**Before:**      **GUY, and CLAY, Circuit Judges; HOOD, District Judge.**[*]

   **RALPH B. GUY, JR., Circuit Judge.**   Defendant Robert Ruth was charged in a three-count indictment with receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2); receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Defendant entered a conditional plea of guilty, reserving the right to appeal the denial of his motion to suppress evidence seized pursuant to a search warrant.  Convinced that the motion to suppress was properly denied, we affirm.

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

**I.**

After indictment, defendant filed a motion to suppress evidence challenging the probable cause determination made in issuing the search warrant. The facts were not in dispute and, after briefing and argument, the district court denied the motion to suppress. The district court's legal conclusions are reviewed de novo, although due weight should be given to the inferences drawn from the undisputed facts. *See United States v. Townsend*, 305 F.3d 537, 542 (6th Cir. 2002). Further, this court must view the evidence "in a light most likely to support the decision of the district court." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005).

**A.     Facts**

The adult adopted son of the defendant went to the Kent, Ohio Police Department on December 18, 2009, and reported that his father possessed a computer which contained numerous images of child pornography. The son, who lived with his father, also turned over to the police a thumb drive containing samples of child pornography that he said he had downloaded from his father's home computer. During the interview, the police were told that the defendant had told his son that he intended to engage in sex with children and then kill them. Additionally, the son reported both that he had been sexually abused by the defendant as a child and that he suspected the defendant had sexually abused other children. The police, upon completing their interview of the son, then viewed the images on the thumb drive and found they were of child pornography as reported.

The police signed a search warrant affidavit detailing their interview with the son and the contents of the thumb drive.  A search warrant was obtained and executed that same day at the home of the defendant who was present at the time of execution.  Ruth talked to the police voluntarily and told them he had downloaded child pornography since the 1990s and had traded child pornography with others over the internet.  The police seized two computers and numerous other digital media devices, including hundreds of DVDs and 13 flash drives.  In an excess of caution, the police then obtained a second warrant allowing the search of the digital devices all of which were found to contain child pornography.  In a subsequent interview, Ruth admitted to sexually abusing over 20 children while working as a middle school teacher.

Defendant's motion to suppress was based on the contention that the search warrant affidavit did not establish probable cause for the search because the police had no prior dealings with the son to establish his reliability, and there was no corroboration that the images contained on the thumb drive were actually taken from the defendant's computer. Following a hearing, the district judge concluded that the affidavit provided sufficient probable cause and ruled, in the alternative, that even if it had not done so, the *Leon* good-faith exception would apply.  *See United States v. Leon*, 468 U.S. 897 (1984).  This appeal followed.

**B. Analysis**

Although the defendant cites to a number of cases, they all simply enunciate time-honored Fourth Amendment general principles. Not surprisingly, no cases are cited with a fact situation similar to that found here. The cases cited by defendant, including our decision in *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (*en banc*), reiterate the principle that "great deference" must be accorded to the issuing magistrate's probable cause determination. *See United States v. Leake*, 998 F.2d 1359, 1362-63 (6th Cir. 1993). This court's review is limited to determining whether, under a totality of the circumstances, the affidavit provided a "substantial basis" for the magistrate to believe "there [was] a fair probability that contraband or evidence of a crime [would] be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Although it is true that the police had no prior dealing with the son, the son fully identified himself, was not himself a suspect, was put through the crucible of a thorough interview by the police. In addition, the son presented graphic physical evidence supporting his allegations. Not to be overlooked is that the alleged wrongdoer was his father, and the son lived with his father in the house where the computers that stored the child pornography were located. The circumstantial reliability of what was related to the police can only be described as enormous. Any person reporting wrongdoing to the police, including an informant who had provided reliable information 20 times in the past, could be lying. But, as all of the case law makes clear, a common-sense approach must be taken when evaluating reliability, and

common sense would suggest that the informant was reliable here. The son appeared in person for a face-to-face interview at the police station. This provided officers with "the opportunity to observe [his] demeanor and credibility" and to hold him accountable if his story was later found to have been falsified. *See Henness v. Bagley*, 644 F.3d 308, 318-19 (6th Cir. 2011). This Circuit has found such circumstances highly probative in assessing the reliability of a tip from a previously unknown informant. *Id.*

Defendant makes no attempt to suggest what form corroboration should have taken, but makes a kind of "catch 22" argument asserting a lack of corroboration. That is, while the thumb drive certainly demonstrated that child pornography was involved, the only way to corroborate that the images came from defendant's computer would be to compare them to images on the computer, and that would require issuance and execution of a search warrant. The district court did not err in finding that the affidavit provided probable cause to believe contraband or evidence of a crime would be found in defendant's home.

Finally, even if it were necessary to consider *Leon*—which it is not—it is clear that none of the four exceptions to the good-faith rule are present in this case. There was no known false information in the affidavit, the issuing magistrate was neutral and detached, the allegations in the affidavit certainly support the probable cause determination as being reasonable, and the warrant was not facially deficient. There can be no question that the police officer who obtained the warrant was acting in good faith.

**AFFIRMED**.